UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

| | |
|---|---|
| MAZEN ALMOUKDAD, *individually and for others similarly situated*, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 1:25-cv-461-JFR-KRS ) ) |
| RELIANSE OSUNA NM LLC; RELIANSE GLOBAL LLC; and HARESH SURTI, | ) ) ) |
| Defendants. | ) ) |

## ORDER ON MOTION FOR SUBSTITUTE SERVICE

This is a class and collective action brought by Plaintiff Mazen Almoukdad on behalf of himself and other similarly situated workers who allegedly were misclassified as independent contractors by Defendants Relianse Global LLC, Relianse Osuna NM LLC, and Haresh Surti, in violation of the Fair Labor Standards Act (FLSA) and the New Mexico Minimum Wage Act (NMMWA). Currently before the Court is Plaintiff's Motion For Substitute Service ("Motion") (Doc. 4). The Motion seeks a court order allowing substitute service on Defendants as follows:

(1) For Defendants Relianse Global LLC and Haresh Surti, leaving a copy of the complaint and summons securely attached by tape to the front door of property located at 5700 Baxter Well Rd, McKinney, Texas 75071 ("**the Baxter Well Address**").

(2) For Defendant Relianse Osuna NM LLC, leaving a copy of the complaint and summons securely attached by tape to the front door of property located at 7701 Juno Springs Way, McKinney, Texas 75071 ("**the Juno Springs Address**").

In addition, or in the alternative, Plaintiff requests relief via any other method the Court finds reasonably calculated to provide actual notice to Defendants. For the reasons set forth below, the motion is denied without prejudice.

## Applicable Legal Principles

The permissible methods for service of process for cases in federal court are set out in Federal Rule of Civil Procedure 4.

**Service on an Individual.** Under Rule 4(e), an individual may be served by any of the following methods: (i) delivering copies of the summons and the complaint to the individual personally; (ii) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; (iii) delivering a copy of each to an agent authorized by appointment or by law to receive service of process; or (iv) following state law for service of a summons in state court, either where the district court is located or where service is made. *See* FED. R. CIV. P. 4(e).

**Service on a Business Entity.** Under Rule 4(h)(1), a domestic corporation, partnership or association may be served within a judicial district of the United States "by delivering a copy of the summons and complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." FED. R. CIV. P. 4(h)(1)(B). In the alternative, service on a domestic business entity may be accomplished "in the manner prescribed by Rule 4(e)(1) for serving an individual," FED. R. CIV. P. 4(h)(1)(A), *i.e.*, by following the law of the state where the district court is located or where service is made, *see* FED. R. CIV. P. 4(e)(1).

**Alternative Service Methods.** The Federal Rules do not expressly provide for alternative methods of service. However, such methods may be utilized if allowed under applicable state law. Here, Plaintiff seeks an order allowing alternative service under Texas law, which is where

Plaintiff contends Defendants can be found and therefore where service will be made. *See* FED. R. CIV. P. 4(e)(1).

Rule 106(a) of the Texas Rules of Civil Procedure states that service of process may be effected by personal service upon an individual defendant or by mailing the service documents to the defendant by certified mail, return receipt requested. TEX. R. CIV. P. 106(a). If service has been attempted under subsection (a) of Rule 106 but is not successful, then subsection (b) authorizes the court to allow alternative service. Specifically, subsection (b) states that:

> Upon motion supported by affidavit stating the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found and stating specifically the facts showing that service has been attempted under [either method in Rule 106(a)] at the location named in such affidavit but has not been successful, the court may authorize service:
>
> (1) by leaving a copy of the citation and of the petition with anyone older than sixteen at the location specified in the statement; or
>
> (2) in any other manner, including electronically by social media, email, or other technology, that the statement or other evidence shows will be reasonably effective to give the defendant notice of the suit.

TEX. R. CIV. P. 106(b); *see generally Lambert v. New Era Invs. 1 LLC,* No. 622CV00397ADADTG, 2023 WL 3724793, at *2 (W.D. Tex. May 30, 2023).

Texas rules governing service of process for business entities are found in Chapter 5 of the Texas Business Organizations Code, TEX. BUS. ORGS. CODE ANN. § 5.251 *et seq. See Lambert*, 2023 WL 3724793, at *2. Section 5.255 provides that "each manager of a manager-managed domestic or foreign limited liability company and each member of a member-managed domestic or foreign limited liability company is an agent of that limited liability company" for purposes of service of process. TEX. BUS. ORGS. CODE ANN. § 5.255(3); *see also Lawton Candle, LLC v. BG Pers., LP,* 690 S.W.3d 122, 125 (Tex. App. 2024). ("A business entity is not a person capable of

3

accepting process on its own behalf and therefore must be served through an agent.").

In addition, "[e]ach filing entity and each foreign filing entity" must "designate and continuously maintain" a registered agent; and a registered office in Texas, TEX. BUS. ORGS. CODE ANN. § 5.201(a), and the registered agent so designated is deemed "an agent of the entity on whom may be served any process, notice, or demand required or permitted by law to be served on the entity," *id.* § 5.201(b)(1). If the registered agent is an individual, he or she must be a resident of the state and have filed a written consent with the secretary of state to serve as the registered agent of the entity. *Id.* § 5.201(b)(2)(A). The registered office "is not required to be a place of business of the filing entity or foreign filing entity," but "must be located at a street address where process may be personally served on the entity's registered agent." *Id.* § 5.201(c)(1), (2). If a filing entity or a foreign filing entity fails to appoint or does not maintain a registered agent in the state; or "the registered agent of the entity cannot with reasonable diligence be found at the registered office of the entity"; or the registration of a foreign filing entity to do business in Texas is revoked; or a foreign entity "transacts business in th[e] state without being registered," then service of process may be made on the Texas Secretary of State. *Id.* § 5.251. Furthermore, "[s]ection 2.256 expands proper service on a foreign limited liability company to include (in addition to those individuals discussed above) 'other means of service of process, notice or demand ... as provided by law.'" *Lawton Candle, LLC,* 690 S.W.3d at 126 (quoting TEX. BUS. ORGS. CODE ANN. § 5.256).

## **Analysis**

Plaintiff argues that an order permitting substitute service is warranted because Plaintiff has been unable to serve Defendants using methods of service authorized under Texas law, despite Plaintiff's diligent efforts to do so. In support, Plaintiff attaches two server affidavits to the Motion. The attached affidavits purportedly "evidence[e] multiple good-faith attempts to effect personal

service" by "visiting the last known business and residential addresses, leaving door tags, and making inquiries with occupants and neighbors." (Doc. 4 at 1-2).

The first affidavit states that the server made five unsuccessful attempts to serve Relianse Global LLC through service on its owner, Haresh Surti: (1) an unsuccessful attempt on June 3, 2025, "at Corporate: 400 Redhead Court, McKinney, TX 75072" (the "**Redhead Court Address**") (Doc. 4-1 at 2); and (2) four unsuccessful attempts on June 4, 12, 16, and 21, 2025 at the **Baxter Well Address**. At the **Redhead Court Address**, the server spoke with the "current homeowner, … who stated that he bought the house from subject [unidentified] three years ago and subject never updated his address. He stated he gets people almost weekly looking for him. He also contacted the Secretary of State to try to update." (*Id.* at 2). For each of the unsuccessful attempts at the **Baxter Well Address**, there was no answer at the door, but the server left door tags "for the subject [unidentified] to call and arrange service," which went unanswered. (*Id.*). The server took photographs of automobiles that were parked in front of the garage three of the four days on which service was attempted, and attached to her affidavit documentation indicating that the vehicles in question are registered to Haresh Surti and/or Priti Surtipresent on the day of service.

The second affidavit states that the server made six unsuccessful attempts to serve "Relianse Osuna NM LLC c/o Ketankumar N. Sheth" at the **Juno Springs Address**. (Doc. 4-1 at 15):

- **July 10, 2025**: The server states that the house "didn't have a doorbell," so she "knocked on the door 3 times," but "there was no answer." A White Cadillac Escalade with a personal Texas license plate DAPPERS" was parked in the driveway. The server "left a notification on the door."

- **July 12, 2025:** This time the server states that she rang the doorbell (the same address that, on July 10, 2025, did not have a doorbell), and "a lady answered the door." The lady "said that he [unidentified] works out of town," "he doesn't work for this company anymore"; and "she doesn't know when he'll be back[.] [S]he said that he travels a lot." The server "verified the address" from a

5

      package on the porch.

- **July 16, 2025**: The server " knocked on the door[.] [A] lady answered [and] …. said that he [unidentified] is still out of town. She said that he is working out of town. She doesn't know when he'll be back."

- **July 22, 2025:** The server "knocked on the door[.] [A] lady answered [and] … told [the server] that he [unidentified] is still out of town for work[.] [S]he said that [she] c[ould] receive the documents." The server "told her [she] w[ould] ask if [she] c[ould] give them to [the lady]."

- **July 23, 2025:** The server knocked on the door three times without any answer. There were no vehicles in the driveway, but the server took a picture of a package on the porch.

- **July 24, 2025:** The server knocked on the door three times. "[S]he [unidentified] looked out the window[.] [The server] waved to her but she didn't … answer the door."

(*Id.*).

    A.    <u>**Relianse Osuna NM LLC**</u>

The Motion states that the process server made six attempts to serve the registered agent of Relianse Osuna, Ketankumar N. Sheth "at his residence," which the Motion identifies as the **Juno Springs Address**. (Doc. 4 at 2). The Motion further asserts that "the process server communicated with the registered agent's wife," and that "[a]fter [the server] receiv[ed] permission to serve the registered agent's wife, the wife refused to answer the door." (*Id.*). But the only factual assertion made in the Motion with any evidentiary support is that the process server made six attempts to serve Relianse Osuna NM LLC at the **Juno Springs Address**. The remaining factual assertions—that the registered agent of Relianse Osuna NM LLC is Ketankumar N. Sheth; that the **Juno Springs Address** is Sheth's residence; and that the woman with whom the server spoke at the **Juno Springs Address** was Sheth's wife—are not supported by evidence. The Motion itself is not verified, and Plaintiff has not submitted an attorney affidavit or the affidavit of any third-party to support those asserted facts. Evidence supporting factual assertions in the Motion is

6

required, not only by the Local Rules of this Court, *see* D.N.M. LR-Civ. 7.3(b) ("Parties must submit evidence, in the form of declarations, affidavits, deposition excerpts, or other documents, in support of allegations of fact."), but the Texas rule authorizing substitute service, which states that the plaintiff must submit an "*affidavit* stating the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found." TEX. R. CIV. P. 106(b) (emphasis added). The server's affidavit does not demonstrate that the server has personal knowledge of the "usual place of business" of Defendant Relianse Osuna NM LLC, or of the identity of the registered agent for that company, or of the registered agent's usual place of abode. Therefore, the server's affidavit is not evidence of those facts.

Beyond that, the Court questions Plaintiff's attempt to serve the registered agent of a New Mexico limited liability company at a residence in Texas. The Court consulted the New Mexico Secretary of State website to verify that Ketankumar N. Sheth was the registered agent of Defendant Relianse Osuna NM LLC. But the registration records found online indicate that Sheth can be served at an address *in New Mexico*, not Texas.[1] Even assuming that Sheth has left New Mexico and now resides in Texas, there is no evidence that he is registered with the Texas Secretary of State to receive service of process in that state as the registered agent of Relianse Osuna NM LLC. Nor has Plaintiff presented any legal argument or authority to support service under Texas law on a foreign business entity through an agent located in Texas but registered under New Mexico (not Texas) law to receive service at an address in New Mexico. *See, e.g., Lawton Candle, LLC*, 690 S.W.3d at 126 ("It is not sufficient that a method of service not be expressly excluded by statute for a method of service to be valid—instead, [Texas] laws require that a method

---

[1] See *https://enterprise.sos.nm.gov/search/business* (last visited Oct. 2, 2025); *see also* (Doc. 1, Complaint ¶¶ 20, 21 (alleging that Relianse Osuna NM LLC is a New Mexico limited liability company that can be served through its registered agent, Ketankumar N. Sheth, at 4441 Osuna Road NE, Albuquerque, NM 87109)).

of service of process be expressly permitted to be valid.").

The Court does not have easy access to the Texas Secretary of State website to determine whether Relianse Osuna NM LLC is registered to do business in Texas. Nor does the Court have any information about whether Relianse Osuna NM LLC does business in Texas as an unregistered entity. If either of those things are true, but Relianse Osuna NM LLC has not appointed a registered agent under Texas law for purposes of receiving service of process, then Plaintiff would be authorized under Texas law to serve that entity by serving the Texas Secretary of State. *See* TEX. BUS. ORGS. CODE ANN. § 5.251. But if Relianse Osuna NM LLC is not registered in Texas as a foreign business entity, and does not do business in Texas, then it would seem that Plaintiff would have to serve that entity using other methods.

Furthermore, although Plaintiff has not presented the Court with relevant facts, it seems likely that service on Relianse Osuna NM LLC cannot be effected through service on Ketankumar N. Sheth under any circumstances. This seems likely even if Plaintiff were to attempt to serve Sheth pursuant to federal or New Mexico law. Although Sheth was the registered agent in New Mexico for Relianse Osuna NM LLC at the time the Complaint was filed, the New Mexico Secretary of State website indicates that, on August 26, 2025, Sheth resigned from that position. Following his resignation, the New Mexico registration of Defendant Relianse Osuna NM LLC was revoked for failure to appoint a registered agent. Since Sheth is no longer the registered agent for Relianse Osuna NM LLC, Plaintiff may no longer serve that entity through Sheth, regardless of where he is located. It appears that Plaintiff will have to serve Defendant Relianse Osuna NM LLC by delivering a copy of the summons and complaint to a manager or member of that limited liability company, and may use any method to do so authorized by Rule 4(e), New Mexico law, or the law of the state where the manager or member is located. Unless and until Plaintiff can show

by affidavit that he has unsuccessfully attempted service of process on Relianse Osuna NM LLC through a valid method, as discussed above, there is no factual basis for the Court to authorize substituted service on that entity.

C.   **Relianse Global LLC**

The Motion states that Plaintiff attempted service on Relianse Global LLC[2] at two known addresses: (1) the **Redhead Court Address**, which the Motion refers to as "a corporate address"; and (2) the **Baxter Well Address**, which the Motion refers to as "a residential address." The server affidavit with respect to Relianse Global LLC provides the following additional information:

> The original service address was found to be a residence previously owned by company owner, Haresh Surti but it is no longer his residence. Research by CDI Investigations, LLC found that Haresh Kumar Ramanial Surti now resides at 5700 BAXTERWELL RD, MCKINNEY, TX 75071 where he has his Texas Driver's License and several vehicles registered. See attached printouts. 5700 BAXTER WELL RD MCKINNEY, TX 75071 is owned by Haresh & Priti H Surti as their Homestead since July 2019. See printout from the Collin County Appraisal District.

(*Id.* at 2).

The above information is insufficient for the Court to conclude that Plaintiff's attempts to serve Relianse Global LLC at the **Baxter Well Address** satisfy the requirements for service on a business entity under Texas law. Plaintiff must demonstrate that he attempted to serve an officer of Relianse Global LLC, a managing or general agent of that company, or any other agent authorized by appointment or by law to receive service of process. The factual assertion that Defendant Surti is the "owner" of Relianse Global LLC is unsupported by any evidence. And while the Complaint *alleges* that Relianse Global LLC is a Texas limited liability company, which "can

---

[2] The Motion refers to these service efforts as having been made "[w]ith respect to Relianse Global *and Surti*." (Doc.4 at 2 (emphasis added)). The Court is only concerned at this time with Relianse Global LCC, however. Whether appropriate efforts were made to serve Defendant Surti individually will be discussed in the next section.

be served through its registered agent, Haresh Surti, 400 Redhead Court, McKinney, Texas 75070" (Doc. 1 ¶¶ 22, 23), there is no evidence supporting that allegation in the current record. Furthermore, the Court is unable to independently verify that Surti is registered with the Texas Secretary of State as the agent for Relianse Global LLC authorized to receive service of process on its behalf because the Court does not have easy access to the Texas Secretary of State website.

Nevertheless, it seems likely, despite the evidentiary holes in Plaintiff's submissions, that personal service on Surti would be effective to obtain service on Defendant Relianse Global LLC, provided Plaintiff submits evidence that Surti is in fact a manager or member of Relianse Global LLC, and/or its Texas registered agent. The Motion itself, however, is unverified, and therefore is insufficient to satisfy the Texas affidavit requirement. And beyond that, the server's affidavit provides only limited support for "the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found," TEX. R. CIV. P. 106(b). For instance, it is unclear whether the affiant has personal knowledge of the asserted fact that the **Baxter Well Address** is either Relianse Globall LLC's "usual place of business" or Surti's "usual place of abode or other place where [Surti] can probably be found." More than likely, the server was provided the information by counsel for Plaintiff, and therefore an attorney affidavit presenting those facts might be required. The documents attached to the server's affidavit appear to support the factual assertion that Surti's current residence is the **Baxter Well Address**. But "[t]he Texas Supreme Court has held that strict compliance with the supporting affidavit is required to authorize substituted service of process[,] … emphasiz[ing] that jurisdiction is dependent upon defendants being served in a manner provided for by law." *Lambert*, 2023 WL 3724793, at *2 (internal quotation marks and citations omitted). Service of process "is fundamental to any procedural imposition on a named defendant." *Murphy Bros. v. Michetti Pipe Stringing*,

526 U.S. 344, 350 (1999). Plaintiff does not provide affidavit evidence describing how he determined that the **Baxter Well Address** was Surti's current address, authenticating the documents attached to the server affidavit, or providing corroboration of the suggestion in those documents that Surti's "usual place of business or usual place of abode or other place where [Surti] can probably be found" is the **Baxter Well Address**. Before the Court will authorize substituted service at the **Baxter Well Address** in the manner described in the Motion, Plaintiff must provide evidence of Surti's relationship to Relianse Global LLC and additional verification that the **Baxter Well Address** is where Surti currently resides.

    **C.**    **Haresh Surti**

The above discussion regarding Relianse Global LLC applies also to Defendant Surti, the alleged "owner" of Relianse Global LLC. In addition, however, the server affidavit for Relianse Global LLC does not adequately show that proper service was attempted on Defendant Surti in his individual capacity. The affidavit identifies the defendant being served as Relianse Global LLC. (Doc. 4-1 at 2). Serving Surti with a summons and complaint addressed to Relianse Global LLC would likely be sufficient for service on Relianse Global LLC if Surti is a manager or member of that business entity, or else its registered agent. But it would not be adequate to effect service over Surti, individually. For service on Surti individually, the process server would have to serve a summons and complaint *addressed to Surti*. *See* FED. R. CIV. P. 4(a)(1)(B) ("A summons must: … be directed to the defendant …"); *see also* FED. R. CIV. P. 4(b) ("A summons—or a copy of a summons that is addressed to multiple defendants—must be issued for each defendant to be served."). The Court cannot say whether the server attempted to serve a summons addressed to Surti individually in addition to the summons addressed to Relianse Global LLC. But from the server affidavit it does not appear that she did. The summons or summonses that were attempted

11

to be served are neither attached to the affidavits nor filed on the docket. But based on the affidavits—which indicate that the defendants on whom service was sought were "Relianse Global LLC" and "Relianse Osuna NM LLC, c/o Ketankumar N. Sheth," the Court must assume that there were two summonses and that neither one was directed to Defendant Surti, individually. Texas law requires "strict compliance with the rules of civil procedure governing issuance, service, and return of citation," and if "there is error apparent on the face of the record, … the attempted service of process is invalid and of no effect." *Lawton Candle, LLC*, 690 S.W.3d at 125. Because Plaintiff has not shown that a valid attempt at service was made on Defendant Surti, the Court cannot authorize alternative service methods for that defendant either.

## Conclusion

For the foregoing reasons, Plaintiff's Motion For Substitute Service, **Doc. 4**, is denied without prejudice. The Court's text order entered August 19, 2025 **[6]** is **amended** to provide that Plaintiff has **twenty-one (21) days** from the date of this Order to serve Defendants and file proof of service on the docket, or, alternatively, file a renewed motion for substitute service correcting the errors and deficiencies in the current Motion identified in this Order. If Plaintiff files a renewed motion for substitute service, the deadline for serving Defendants will automatically be extended until **thirty (30) days** after the Court rules on Plaintiff's renewed motion.

IT IS SO ORDERED this 6th day of October, 2025.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE